**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ISIDRO LOPEZ, | No. C 11-5202 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, Warden, and BOARD OF PAROLE HEARINGS, | |
| Respondents. | |

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he alleges that the Board of Parole Hearings violated his right to due process when it denied him parole in May 2010. Petitioner specifically claims that the Board's decision fails to comport with due process because (1) it was not supported by "some evidence" of current dangerousness, a requirement under California law, (2) the sentencing matrix entitles him to release after the number of years he has served in prison, (3) the Board deprived him of his property interest in his release from incarceration by failing to accord him the constitutionally required process, and (4) the Board ignored or misinterpreted the psychologist's report.

The petition fails to state a claim upon which federal habeas relief can be granted. Claims 1, 3 & 4 are in truth a single claim, that is, that the Board's decision violates due process because it is not supported by some evidence of future dangerousness as required by California law. Such claims are not remediable on federal habeas review. In the parole context, a prisoner received constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why" parole was denied. *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). "The Constitution does not require more." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). The Constitution does not even require an inquiry into whether California's procedures produced the result the evidence required. *Cooke*, 131 S.Ct. at 862. Indeed, "it is no federal concern [ ] whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id*. at 863. In the instant matter, the record shows that petitioner received at least the required amount of process. Accordingly, claims 1, 3 & 4 are DISMISSED.

Claim 2 is a state law claim and therefore is not remediable on federal habeas review. California's sentencing matrix specifies base terms for various offenses. *In Re Dannenberg*, 34 Cal. 4th 1069, 1078–79 (Cal. 2005). Whatever constitutional rights arise from the matrix are entirely state rights, created by the state legislature according to a policy of establishing uniform parole dates. Violations of state law are not remediable on federal habeas review, even if state law were erroneously applied or interpreted. *Cooke*, 131 S. Ct. at 861–62. Also, even if such state-created rights gave rise to a federal due process right, the state-created rights do not themselves become operative until the Board has determined that an inmate is suitable for parole. The Board is under no duty to set a parole release date under the sentencing matrix once it has determined that a prisoner is unsuitable for parole. *Dannenberg*, 34 Cal. 4th at 1071. Here, the Board found petitioner unsuitable for parole. This unsuitability determination forecloses even state relief based on a claim that the Board

failed to follow the matrix's guidelines. If his state law rights were not operative, then petitioner certainly has not shown that his federal due process rights were violated. Accordingly, claim 2 is DISMISSED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondents, and close the file. Petitioner has paid the filing fee.

**IT IS SO ORDERED**.

DATED: December 30, 2011

RICHARD SEEBORG
United States District Judge